IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YANIKKI HUDSON, | * |
| Plaintiff, | * |
| v. | * Civil Case No. 1:24-cv-000345-SAG |
| MERRICK BANK, | * |
| Defendant. | * |

************

# MEMORANDUM OPINION

Plaintiff Yanikki Hudson ("Plaintiff"), who is self-represented, filed this lawsuit in state court against Defendant Merrick Bank ("the Bank"), asserting claims for negligence, invasion of privacy, and fraud. ECF 6. The Bank removed the lawsuit to this Court, ECF 1, citing federal question jurisdiction. Plaintiff has filed a motion to remand the case to state court. ECF 11. The Bank opposed the motion, ECF 15, and Plaintiff filed a reply, ECF 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's Motion for Remand will be granted, and the case will be remanded to state court.

## I. LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Other cases are reserved to the state courts.

When a case is removed to federal court, courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership Estate of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, at *2 (D. Md. July 16, 2012) (internal quotation marks omitted) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–*

1

*Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

## II.  ANALYSIS

As the party seeking removal, the Bank bears the burden of establishing federal jurisdiction. *Burrell v. Bayer Corp.*, 918 F.3d 372, 380–81 (4th Cir. 2019). The Bank contends that federal jurisdiction over this case is appropriate because the case presents a federal question, despite the fact that on its face, the Complaint asserts only state law claims. The Bank's opposition, however, does not cite any legal standards and merely distinguishes the case law cited by Plaintiff. *See* ECF 15 at 4–5.  It appears to this Court, however, that the appropriate standard is whether this case falls within the "slim category," *Gunn v. Minton*, 568 U.S. 251, 258 (2013), of cases in which federal jurisdiction exists over state law causes of action because "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 28 (1983). There is a four-pronged test for determining whether a case falls into that category: (1) the federal question must be "actually raised," (2) the federal question must be "actually disputed" by the parties, (3) the federal question must be "substantial," defined as important "to the federal system as a whole," and (4) the federal court must be able to address the issue "without disturbing any congressionally approved balance

2

of federal and state judicial responsibilities." *Burrell*, 918 F.3d at 380 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn*, 568 U.S. at 260).

There is little doubt here that the first element is satisfied in this case because a federal question is "necessarily raised." Plaintiff's Complaint cites extensively to the Gramm-Leach-Bliley Act ("GLBA") and its restrictions on a financial institution's use of its customers' personal nonpublic information. *See* ECF 6 ¶¶ 11–12, 17, 35–37, 41–45, 47.  In particular, Plaintiff premises the duty underlying her negligence claim on the GLBA, *id.* ¶¶ 17–18, and also premises her fraud claim on the Act's opt-out rights for consumers. *Id.* ¶¶ 34–47. A federal question is "necessarily raised" where it is a "necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13. That standard is met here.[1]

However, "it is not enough that a plaintiff's state-law claim necessarily raises some contested federal issue." *Burrell*, 918 F.3d at 384. The other prongs must also be met, and here, the Bank has made no such showing. Specifically, the Bank has not established that there will be any actual dispute between the parties regarding the meaning of the GLBA, that any substantial issue, important to the federal system as a whole, will have to be determined, or that removal is consistent with any congressionally approved balance of federal and state judicial responsibilities. *See Grable*, 545 U.S. at 314–15. Simply noting the Complaint's pervasive references to the GLBA does not suffice to meet the Bank's burden to establish jurisdiction, and this case therefore must be remanded in light of "the significant federalism implications of removing a state-law action from state court." *Burrell*, 918 F.3d at 384.

---

[1] Plaintiff does not argue that she can recover under her negligence and fraud claims on any alternative state-law theories. *See Burrell*, 918 F.3d at 383–84.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand, ECF 11, is GRANTED and this case will be REMANDED to the Circuit Court for Prince George's County for further proceedings.  The federal case will be CLOSED. A separate Order is filed herewith.


Dated:  April 3, 2024                                                     /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge